# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:06CR265

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ARMANDO DESPAIGNE.** | ) | |
| | ) | |
| _____ | ) | |

       **THIS MATTER** is before the Court on the report of James N. Cross, Warden of the Metropolitan Correctional Center in New York, New York which was filed on July 30, 2007. The report from the Warden of the Metropolitan Correctional Center included within it a written evaluation entitled "Competency to Stand Trial Evaluation". In that document, Elissa R. Miller, Forensic Psychologist, and Cristina Liberati, Acting Chief Psychologist, advised that:

> Regarding the issue of Competency to Stand Trial, in the opinion of this evaluator, Mr. Despaigne currently does not possess a rational understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and he cannot rationally make decisions regarding legal strategy. Therefore, in the opinion of this evaluator, Mr. Despaigne is Not Competent to Stand Trial.

In addition, the report contains the following information:

Mr. Despaigne is currently experiencing a fixed delusional system which will interfere with his ability to maintain proper courtroom behavior, as well as appropriately attend to and participate in courtroom proceedings. Mr. Despaigne is not in good contact with reality. He is so preoccupied with his delusion and is incorporating courtroom personnel into his paranoid delusional system. He is not capable of comprehending the seriousness of his case and the recommendations of defense counsel at this time due to his delusional

thinking. He is not capable of communicating with counsel, weighing the merits of various defenses, and making decisions regarding numerous constitutional protections such as his right to trial, his right to an attorney, his right to enter into a plea, and his right to call witnesses, etc. he is not currently capable of testifying in his own defense and speaking during sentencing proceedings should it be necessary due to his current psychotic presentation.

Mr. Despaigne has a factual but not rational understanding of the proceedings against him and he is not capable of assisting counsel with his defense. He understands the legal system and legal terminology, but due to his psychotic thought content, he cannot rationally speak about his legal situation or consult effectively with his attorney.

18 U.S.C. § 4241(d) provides in pertinent part that:

[i]f, after the hearing [as to a defendant's competency], the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General [who] shall hospitalize the defendant for treatment in a suitable facility[] for an additional reasonable period of time until - (A) his mental condition is so improved that trial may proceeds, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed[.].... If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

The above referenced report was introduced into evidence by the Government without objection from the defendant. The defendant requested that the court provide him with further treatment in regard to his mental condition. The undersigned agrees.

## ORDER

**IT IS, THEREFORE, ORDERED** that the court hereby finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist properly in his defense and that there is a substantial probability that in the foreseeable future he could possibly attain the capacity to permit the trial in this matter to proceed. It is further **ORDERED** that the defendant is hereby committed to the custody of the Attorney General for continued treatment at a suitable medical facility for an additional time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward and that a report be provided to the court within the above referenced period of time regarding that issue.

Signed: August 23, 2007

Dennis L. Howell
United States Magistrate Judge