# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR265

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| ARMANDO DESPAIGNE. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a Motion to Withdraw (#20) filed by the defendant's attorney, Ronald C. True requesting permission to withdraw as counsel for the defendant. In the motion, Mr. True states that he has been asked to file certain motions and take other actions which he believes are not in the best interest of the defendant and also that the defendant has accused Mr. True of being ineffective in this matter. Upon the call of this matter on for hearing, it appeared that the defendant was present, that Mr. True was present and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the statements of Mr. True and the statements of the defendant, the court makes the following findings:

**Findings.** During the hearing in this matter, Mr. True advised the court that the defendant was requesting that Mr. True commit certain acts and subpoena certain records and to do other things for the defendant that were not in the best interest of the defendant and further, were not acts which would have been in the furtherance of the defense of the defendant in this matter and were, in fact, acts that were outside of the scope of Mr. True's representation in this case. The undersigned has examined a letter sent by the defendant to Mr. True dated July 25, 2007, a copy of which the defendant had requested be filed in the

court file in this matter. In the letter, the defendant requests that Mr. True file motions contending that treating psychologist or psychiatrist be declared to be unethical and irresponsible. He further requests that Mr. True subpoena witnesses from New York state and Chicago, Illinois, including inmates located in correctional facilities. The defendant states that the testimony of Mr. True, as well as the undersigned, would be necessary at hearings regarding the defendant.

The undersigned made inquiry of the defendant regarding the Motion to Withdraw. The defendant stated that he did not want Mr. True to withdraw as his attorney but that he did want Mr. True to perform all of the acts and file all of the motions that the defendant might require in this matter. The court inquired as to when this matter might be set for trial and found that due to various reports that had been filed regarding the defendant's competency to proceed, that the matter might not be heard for an extended period of time.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) the timeliness of the motion of Mr. True to withdraw; (2) inquiry as to the reasons for the withdrawal; and (3) whether or not

2

there is such a conflict between the defendant and Mr. True that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

It appears that the motion in this matter is made at what could be considered as an early stage considering a report that has been filed and which is sealed in this matter regarding the defendant's competency to proceed. As a result, this factor will be weighed in favor of granting Mr. True's motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. Mr. True advised that the defendant was requesting that Mr. True take actions that were not in the best interest of the defendant and further actions that were outside of the scope of Mr. True's representation. The defendant, on the other hand, was of the opinion that he did not want Mr. True to withdraw but he did want Mr. True to perform each and every act that he asks Mr. True to perform, including providing the defendant with a complete and accurate copy of all filings in the court file.

The court further examined the matter to determine whether or not there is such a conflict between Mr. True and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it appears that such a conflict does exist. Mr. True is an excellent attorney who works diligently on behalf of his clients. However, the defendant in this case is asking Mr. True to perform acts that are outside the

scope of representation and are acts that could harm any potential defenses that the defendant could present in this matter.

After considering all the factors, the court finds that the motion is timely, that the undersigned finds adequate reason for the appointment of the Federal Defender to represent the defendant and to allow the withdrawal of Mr. True and that there does appear to be a lack of communication between the defendant and Mr. True such that would prevent an adequate defense.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion to Withdraw (#20) is hereby **ALLOWED** and it is further **ORDERED** that Mr. True provide to the defendant a complete copy of all pleadings filed in file 1:06 cr 265 and that the Federal Defenders Office be appointed to represent the defendant in regard to this matter.

Signed: August 23, 2007

Dennis L. Howell
United States Magistrate Judge