# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR265

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ARMANDO DESPAIGNE. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b), and upon the report of A. F. Beeler, Complex Warden, Federal Correctional Complex, Butner, North Carolina, dated December 10, 2008. Warden Beeler opines as follows:

> It is our opinion that Mr. Despaigne is not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. I have enclosed the report prepared by our staff reflecting these opinions.

Report, at 1.

The government has raised concerns as to whether it was appropriate for the evaluators, in reaching such conclusion, to rely on defendant's self reports concerning substance abuse inasmuch as previous evaluators found that defendant was delusional. Further, the government pointed out that such self reports were inconsistent with other self reports of defendant presented to and relied upon by

earlier evaluation teams.

The government's concerns are well founded. In a June 2007 report from evaluators at the Metropolitan Correctional Center, Elissa R. Miller, Forensic Psychologist, and Cristina Liberati, Acting Chief Psychologist, advised that:

> Mr. Despaigne is currently experiencing a fixed delusional system which will interfere with his ability to maintain proper courtroom behavior, as well as appropriately attend to and participate in courtroom proceedings. Mr. Despaigne is not in good contact with reality. He is so preoccupied with his delusion and is incorporating courtroom personnel into his paranoid delusional system. He is not capable of comprehending the seriousness of his case and the recommendations of defense counsel at this time due to his delusional thinking. He is not capable of communicating with counsel, weighing the merits of various defenses, and making decisions regarding numerous constitutional protections such as his right to trial, his right to an attorney, his right to enter into a plea, and his right to call witnesses, etc. he is not currently capable of testifying in his own defense and speaking during sentencing proceedings should it be necessary due to his current psychotic presentation.
>
> Mr. Despaigne has a factual but not rational understanding of the proceedings against him and he is not capable of assisting counsel with his defense. He understands the legal system and legal terminology, but due to his psychotic thought content, he cannot rationally speak about his legal situation or consult effectively with his attorney.

Defendant's inability to speak concerning his "legal situation" due to delusional thought has given this court some pause as to his ability to speak about his history of substance abuse to evaluators. To the extent that the conclusions reached in the December 11, 2008, report are based on self reports statements from a person who

continues to suffer from delusions,[1] the court is uncertain what weight should be given to the December 10, 2008, report inasmuch as the impact of defendant's delusional impairment and any relation it may have to the reliability of his self reports is not explained.

While the report does not recommend commitment, there is no discussion or recommendation as to whether defendant should be: (1) immediately discharged pursuant to 18 U.S.C. § 4246(e)(1); or (2) conditionally released under a prescribed regimen of medical, psychiatric, or psychological care or treatment.

While counsel for defendant correctly pointed out that Section 4246 requires the court to release a defendant who is found by a preponderance of the evidence to not pose a substantial risk of bodily injury to another person or a serious risk of damage to the property of another, 18 U.S.C. § 4246(e), such section also provides that in the alternative to immediate release, the court may order a hearing, which it has done and recessed for the purposes of receiving additional evidence.[2] While the court has a duty to discharge a person who is not dangerous, the court has a duty to the public to be satisfied by a preponderance of the evidence that discharge is

---

[1] The court notes that medications have improved defendant's condition.

[2] While Section 4247(d) provides for the calling of witnesses at a Section 4246 hearing, none were called leaving the court with unanswered concerns.

appropriate. With no witnesses having been called and substantial questions being raised by the December 11, 2008, evaluation, the court is without sufficient information to make a determination or a recommendation thereon under Section 4246(e). Sensitive to defendant's interest in liberty, the court has determined that the most expeditious route for addressing the court's concerns is through propounding interrogatories to Warden Beeler, as follows:

*(1)*  *At page seven of the December 11, 2008, Forensic Evaluation, the evaluators stated that they relied on defendant's self report that he had not abused alcohol, cocaine, or marijuana since 1991. The evaluators stated that "[w]e did not have any evidence to dispute his claim."*

   *(A)* *In the June 29, 2007, "Competency to Stand Trial Evaluation" those evaluators reported at page 8 that defendant:*

   *related approximately two months prior to his current alleged Bank Robbery, he resumed using marijuana, crack cocaine, and alcohol. He stated he was using marijuana daily and cocaine a couple of times a week. Mr. Despaigne indicated he was also using alcohol (i.e., a couple of 6 packs) on the weekends, which he indicated he hid from his girlfriend.*

   *Did the evaluators who authored the December 11, 2008, report consider as "evidence" the information contained in the June 29, 2007, evaluation completed by their colleagues, concerning substance abuse that post dated 1991 and was in close temporal proximity to the crime*

*of violence herein alleged?*

  (B) *Would consideration of such evidence of more recent poly substance abuse change the opinion of the December 11, 2008, evaluators as to dangerousness?*

  (C) *Would consideration of such evidence of more recent poly substance abuse change the opinion of the December 11, 2008, evaluators as to whether defendant should be discharged?*

  (D) *Would consideration of such evidence of more recent poly substance abuse have an impact on the opinion of the December 11, 2008, concerning conditional release?*

(2) *At page 9 of the December 11, 2008, evaluation, the evaluators opined that they would "not seek commitment pursuant to the above mentioned statute [Section 4246]."*

  (A) *Do the evaluators have an opinion as to whether defendant should be conditionally released?*

  (B) *If so, what conditions do the evaluators recommend that the court place on such release?*

  (C) *If discharge rather than conditional release is recommended, please explain why discharge is appropriate.*

As a procedural matter, the government shall be responsible for securing answers to

these interrogatories from Warden Beeler, the evaluation team, or a knowledgeable designee of the Warden. The government is given some leeway in how these questions may be posed and answered, and the Warden may elect to simply submit an affidavit in the narrative addressing these concerns. Such interrogatories must be answered not later than the close of business on January 8, 2009. If such are not answered on or before such date and time, the Warden or another person who signed the December 11, 2008, report shall appear before this court at 10 a.m. on January 9, 2009, and there give their testimony.[3]

The government and counsel for defendant are encouraged to refine the court's interrogatories if such can be done by agreement. Due to the concerns voiced by defendant at the hearing concerning his liberty interest, which this court shares, there will be no continuances or extensions of these deadlines.

---

[3] The court has Confrontation Clause concerns as to the Warden's statement that they cannot appear and give testimony because they lack funds for travel. Had defendant or the government exercised their privilege of calling witnesses under Section 4247, the court would have required the witnesses to travel to this court so that they could have been confronted.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Warden or his designee shall answer the interrogatories posed by the court in the manner and within the time provided in this Order or appear and provide testimony on January 9, 2009, at 10 a.m. in Asheville.

Signed: December 23, 2008

Dennis L. Howell
United States Magistrate Judge