# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR265

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ARMANDO DESPAIGNE. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b), and upon the report of A. F. Beeler, Complex Warden, Federal Correctional Complex, Butner, North Carolina, dated December 10, 2008. At a Section 4247(d) hearing conducted on December 19, 2008, the government introduced a report of an examination of the defendant into evidence, the conclusions of which, if accepted as valid, would require the release of the defendant. The government then raised concerns as to whether it was appropriate for the evaluators, in reaching such conclusions, to rely on defendant's self reports concerning substance abuse inasmuch as previous evaluators found that defendant was delusional. Further, the government pointed out that such self reports were inconsistent with other self reports of defendant that were presented to and relied upon by earlier evaluation teams. Based on such concerns, the court, over objection of the defendant, recessed the Section 4247(d) hearing and retained defendant in custody so that additional

information could be secured.

Following up on such hearing, on December 23, 2008, the court entered an Order(#37) requiring the Warden or his designee to answer certain interrogatories that would address the issues raised in the government's December 19, 2008, arguments. Inasmuch as the Warden is employed by the Department of Justice, the court was of the opinion it would be appropriate for the government to submit such questions to the Warden, and therefore required in such Order that the government secure affidavits from its employee answering the court's interrogatories. The deadline for securing such answers was the close of business on January 8, 2009; otherwise, the Warden was to appear and give testimony at a hearing scheduled for January 9, 2009. Because the defendant was going to be held in custody pending the further hearing the undersigned ordered there would be no continuances or extensions of the hearing.

On January 8, 2009, the court was contacted by respective counsel, and it was apparent from such conversations that the government had not been able to secure answers to the interrogatories. At or about 10:30 a.m. on January 8, the government orally requested and defendant agreed to conduct a video conference with the psychologist at the Butner facility.[1] The court agreed to such request, and

---

[1] The court notes that in every psychological report filed by Federal Medical Centers, they note that they do not have travel funds, but have instead equipped their facilities with

communicated such request to the Clerk of this court; however, the video conference could not be conducted.

This matter was called for hearing at 10 a.m. on January 9, 2009. At such time the court requested answers to its interrogatories or to hear from the government's witnesses if any they had. The government then offered to make its witness available by telephone in chambers, to which the defendant properly objected to in accordance with the Confrontation Clause of the United States Constitution. The government, therefore, had no other evidence to offer and the report from the Warden stands as the only evidence in this case.

Resolution of this matter is governed by 18, United States Code, Section 4246(e). Such provision provides as follows:

> **(e) Discharge.**— When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. **The court shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247 (d), to determine whether he should be released**. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that—

---

```
video conference equipment for purposes of providing testimony in
Section 4247(d) hearings.
```

> (1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, **the court shall order that he be immediately discharged**; or
> (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall—
>   (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
>   (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.
>
> The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C. § 4246(e)(emphasis added). Under the first highlighted section, the court has now allowed for two hearings and has before it no evidence other than the final report from Warden Beeler. Inasmuch as there is no recommendation in such report that defendant's release be conditional under Section 4246(e)(2), the court's course of action is governed by Section 4246(e)(1), which provides only that the court **shall** release defendant.

It appearing from a preponderance of the evidence that defendant's release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court will Order that defendant be discharged.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant be released from custody of the United States Marshal, subject to any detainers or holds that may be in place.

Signed: January 21, 2009

Dennis L. Howell
United States Magistrate Judge